a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENDELL JOSEPH CHARGOIS-EL #497867, Plaintiff | CIVIL DOCKET NO. 1:24-CV-01264 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JAMES M LEBLANC ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 6) filed by pro se Plaintiff Kendell Joseph Chargois-El ("Chargois-El"). Chargois-El is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He asks that the Court "restore [his] freedom" and provide "any other relief." ECF No. 6 at 4.

Because Chargois-El's Complaint is frivolous and fails to state a claim for which relief may be granted, it should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

Chargois-El alleges that he is a Moorish American who was convicted and sentenced to 40 years of imprisonment in the 24th Judicial District Court, Jefferson Parish. ECF No. 1 at 4; 1-2 at 15.

Chargois-El mailed a habeas petition to the 12th Judicial District Court on July 22, 2024, challenging the State's authority to incarcerate him. ECF Nos. 6 at 3; 1 at 5. That court issued an order stating that it lacked the authority to determine the legality of Chargois-El's detention. ECF No. 1-2 at 6.

Chargois-El then filed a Complaint and a habeas Petition in this Court challenging the legality of his detention. ECF No. 6; *see also* 1:24-CV-1263.

II. Law and Analysis

    A. Chargois-El's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

As a prisoner proceeding *in forma pauperis* seeking redress from an officer or employee of a governmental entity, Chargois-El's Complaint is subject to preliminary screening under § 1915A and § 1915(e)(2). *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Both sections provide for the sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b); 1915A.

    B. Chargois-El can only seek release from custody through a habeas petition.

Chargois-El alleges that he should not be imprisoned because he is a Moorish American. ECF No. 1. However, the fact or duration of confinement must be challenged through a petition for writ of habeas corpus. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (claim by a prisoner attacking the validity or duration of his

confinement must be brought under the habeas sections of the United States Code); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when an inmate challenges the fact or duration of his confinement and the relief he seeks is immediate or speedier release, his sole federal remedy is a writ of habeas corpus); *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). And a prisoner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §§ 2241, 2254.

Chargois-El's habeas Petition is pending initial review. He may not seek release through a civil rights Complaint.

C. **Chargois-El cannot obtain other relief.**

Chargois-El's "Moorish American" claims are based on theories that are "not credible" and frivolous. *Bryant v. Fort Worth Police Dep't*, 4:20-CV-078, 2021 WL 793756, at *2 (N.D. Tex. Mar. 2, 2021) (citing *Vassar-E v. Louisiana*, No. 20-CV-090, 2020 WL 2520718, at * 3 (E.D. La. May 18, 2020) ("[i]t appears that Plaintiff is like many other 'Moorish American' who attempt to escape the laws of this country"); *Bey v. State of Indiana*, 847 F.3d 559, 560-61 (7th Cir. 2017) (distinguishing tenets of the Moorish Science Temple of America from discredited theories asserted by so-called Moors associated with the sovereign-citizen movement); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 539-51 (D. N.J. 2011) (declining to grant leave to proceed in forma pauperis in a case brought by adherents to a "Moorish Movement" related to sovereign citizenship); *Barthelemy-Bey v. Louisiana*, 19-CV-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (describing the civil action brought by a Moorish prisoner as "frivolous because the claims are based on a 'sovereign citizen' theory,

which is an indisputably meritless legal theory") (citations omitted); *Mason v. Anderson*, No. 4:15-CV-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) (noting that "courts routinely dismiss sovereign citizen claims") (citing *Wirsche v. Bank of Am., N.A.*, 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (Alvarez, J.) ("These teachings have never worked in a court of law - not a single time.") (citations omitted)); *Gooden-El v. Texas*, 20-CV-159, 2020 WL 1847157, at *1-2 (W.D. Tex. April. 13, 2020) (recommending dismissal of a complaint filed by another inmate from the Estelle Unit, seeking release of all "Moorish American Nationals" being held in unlawful captivity as hostages or political prisoners, as "frivolous")).

Furthermore, if a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil action related to that conviction cannot be pursued until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Chargois-El's conviction has not been reversed, expunged, or declared invalid. Therefore, he is barred by *Heck* from seeking monetary damages or other relief.

### III. Conclusion

Because Chargois-El's Complaint is frivolous and fails to state a claim for which relief may be granted, IT IS RECOMMENDED that the Complaint (ECF No. 6) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915A and 1915(e)(2).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, October 30, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE